UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

**NOT FOR PUBLICATION OR CITATION**

CIVIL ACTION NO. 05-CV-51-HRW

DERRICK DESHAWN CARTER                                      PETITIONER

VS:                 **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, WARDEN, FCI-ASHLAND                      RESPONDENT

Derrick Deshawn Carter, an individual who is presently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Terry O'Brien, Warden of FCI-Ashland.

CLAIMS

In 1994, the United States District Court for the Eastern District of Michigan, Southern Division, sentenced the petitioner to a 235-month sentence in connection with drug offenses under 21 U.S.C. §841 and use of a firearm during the commission of a drug offense, under 18 U.S.C. §924. The petitioner's conviction and sentence were affirmed on appeal.

The petitioner states that in 1998, while confined in "FPI-Atlanta," he successfully completed the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"). The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. §550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

The petitioner submits that under 18 U.S.C. §3161(e), completion of the RDAP entitled him to one year's early release. He states that the BOP canceled his early release credits based upon: (1) the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); and (2) 28 C.F.R. §550.58 and BOP Policy Statement 5162.04.

The petitioner contends that his due process rights have been violated by reason of having been denied one year's early release. The petitioner argues that because the BOP failed to comply with the Administrative Procedure Act, 5 U.S.C. §553, when it enacted 28 C.F.R. §550.50 and PS 5162.04, the regulation is unconstitutional. The petitioner admits that he did not administratively exhaust his due process claims. First, he argues that because exhaustion of habeas corpus claims is not mandated by statute, he was not required to exhaust his claims. Second, he argues that because PS 5162.04 is mandatory in nature and automatically excludes from early release all inmates who have violated 18 U.S.C. §841 and have received sentence enhancements for use of a firearm,

2

any exhaustion efforts would be futile.

RELIEF REQUESTED

The petitioner seeks an order from this Court requiring the BOP to restore his early release eligibility.

DISCUSSION

The petitioner is correct that the Prison Litigation Reform Act, 42 U.S.C. §1997e(a) ('PLRA") does not require a §2241 habeas corpus petitioner to exhaust administrative remedies.

> "The PLRA exhaustion requirement does not apply to 28 U.S.C. § 2241 writs of habeas corpus. *Monahan v. Winn*, 276 F.Supp.2d 196 (D.Mass.2003) (addressing a challenge to the BOP's new CCC policy of no longer designating offenders to CCCs, the court held that the PLRA's 42 U.S.C.A. § 1997e(a) exhaustion requirement did not apply because the petitioner challenged the manner, location or conditions of sentence execution and not conditions of confinement) (relying on *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir.1998))."

*Colton v. Ashcroft*, 299 F.Supp.2d 681, 687-690 (E.D.Ky. 2004) (Hon. Jennifer B. Coffman, presiding).[1]

The petitioner's argument, however, ignores the fact that §2241 habeas petitioners are required to exhaust *judicially created* administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *Colton*, 299 F.Supp.2d at 689. The judicially created BOP administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C.F.R. §§542.10-.18 (1987).

---

[1] Judge Coffman further stated: "Thus, *Porter v. Nussle* 's [534 U.S. 516, 532 (2002)] PLRA 42 U.S.C. §1997e(a) exhaustion requirement will not be applied to this §2241 writ of habeas corpus. Consequently, the PLRA's exhaustion of administrative remedies procedure, as set forth in 42 U.S.C. §1997e(a), is not applicable to the plaintiff's 28 U.S.C. §2241 writ of habeas corpus. Therefore, all of the cases which say that the PLRA requires full exhaustion and affords no futility waivers are inapplicable to this plaintiff's petition." *Colton*, 299 F.Supp.2d at 689.

Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." See §542.13(b). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended." 28 C.F.R. §542.15.

The BOP's response times are established in 28 CFR §542.18. "Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*. On the issue of judicially exhausting §2241 habeas claims, Judge Coffman stated as follows:

> "Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 (1997) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir.2001).

*Colton*, 299 F.Supp.2d 681 at 689.

Sixth Circuit case law specifically addresses §2241 petitioners challenging the denial or

revocation of good time credits in a §2241 petition without having first completed the procedures in 28 C.F.R. §542.10-.18.  In *Campbell v. Barron*, 87 Fed.Appx. 577, 2004 WL 291180, \*\*1 (6th Cir. (Ky.) February 12, 2004) (not selected for publication in the Federal Reporter), Campbell filed his a §2241 petition alleging that the BOP was incorrectly applying 18 U.S.C. §3624.  Campbell argued that his release date should be thirty days earlier.  This Court dismissed the petition without prejudice because Campbell had failed to exhaust his available administrative remedies.

On appeal, Campbell argued that the district court erred by not clarifying how much good-time credit he is entitled to receive each year.  The Sixth Circuit disagreed and concluded that this Court properly dismissed Campbell's petition, stating as follows:

> "A federal prisoner must exhaust all available administrative remedies before filing his § 2241 action. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). *The administrative remedy available to a federal prisoner challenging the denial of good-time credits clearly exists. See 28 C.F.R. §§ 542.10-19. Nothing in the record indicates that it would be futile for Campbell to pursue his administrative remedies or that those remedies cannot afford him the relief he requests.* See *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir.1982). Thus, the district court properly dismissed Campbell's petition because Campbell had not exhausted his administrative remedies before filing his petition.  Further, the district court was correct in not addressing Campbell's question as to how much good-time credit he is entitled to receive.  As Campbell failed to exhaust his available administrative remedies prior to filing his § 2241 action, any discussion on the application of § 3624 would be premature.

*Campbell v. Barron*, 87 Fed.Appx. 577, 2004 WL 291180, \*\*1 (Emphasis Added).  *See also Leslie v. U.S.*, 89 Fed.Appx. 960, 961, 2004 WL 253362, \*\*2 (6th Cir.(Ky.) February 9, 2004) (not selected for publication in the Federal Reporter) ("Finally, it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992).  Leslie admits that he did not exhaust his available administrative remedies prior to filing his petition.  Therefore, the district court also properly dismissed Leslie's petition for his failure to exhaust his administrative remedies.  *See*

5

*Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993)").

The Court concludes that the administrative remedy process must be exhausted before a §2241 habeas corpus petition can be filed in district court. *See Little v. Hopkins*, 638 F.2d at 953-54. The petitioner has failed to establish that exhaustion efforts as to his claims would have been futile.

Alternative Grounds for Dismissal

The Court deems it appropriate to forewarn the petitioner of another probable fatal defect with the merits of his due process claim, assuming he exhausts his claim. There is no liberty interest in a reduced sentence, and 18 U.S.C. §3621(e)(2)(B) does not afford such an interest. In *Lopez v. Davis*, 531 U.S. 230, 239-41 (2001), the Supreme Court held that the use of the word "may" rather than "shall" in §3621(e) in the statute gave the Bureau of Prisons the discretion to exclude categories of inmates from the sentence reduction program, and held that individualized determinations are not necessary. 531 U.S. at 240-44, 121 S.Ct. 714. Accordingly, the BOP may exclude inmates from early release categorically or on a case-by-case basis.

*Sesi v. United States Bureau of Prisons,* 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition), squarely addresses, and disposes of, the instant petitioner's Fifth Amendment due process claim. Sesi unsuccessfully complained that his wrongful expulsion from a drug treatment program violated his due process rights. The Sixth Circuit concluded that even if an inmate *completes* the RDAP, the BOP was not required to grant him early release. *Id.* at * 2. The Sixth Circuit stated as follows:

> Under 18 U.S.C. § 3621(e)(2)(B), an inmate may be entitled to early release upon successful completion of a drug treatment program. Although Sesi is not challenging his confinement, he is challenging his expulsion from the program, making him ineligible for early release. As Sesi is challenging the length of his confinement, the complaint was properly construed as a § 2241 habeas petition. *See, e.g., Orr v. Hawk*, 156 F.3d 651, 652 (6th Cir.1998). A federal prisoner must first exhaust his

6

>available administrative remedies before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). As Sesi has failed to exhaust his available administrative remedies, the petition was properly dismissed.
>
>Further, Sesi's contention that his termination from the drug program violated his due process rights is meritless. To support a due process claim, there must be an infringement of a protected liberty interest. *See Fristoe v. R.G. Thompson*, 144 F.3d 627, 630 (10th Cir.1998). *However, there is no liberty interest in a reduced sentence, and § 3621(e)(2)(B) does not afford such an interest. Id. Therefore, Sesi's due process claim is without merit.*

*Sesi v. U.S. Bureau of Prisons*, 2000 WL 1827950, **1 (6th Cir.(Mich.) (Emphasis Added).

There is other significant authority for this proposition. *See Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. (September 24, 2002) (Not Reported in F. Supp.2d) (even if Hernandez had exhausted his administrative remedies concerning his ineligibility to participate in a RDAP, he could not prevail on a due process claim, because §3621(e) does not create a liberty interest cognizable under the Due Process Clause); *Egan v. Hawk*, 983 F. Supp. 858 (D. Minn. 1997) (noting that although §3621(e)(2)(B) allows the BOP to shorten an inmate's sentence by up to one year, it does not mandate such a reduction; conditional language did not create a liberty interest, relying upon *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1,7, 99 S.Ct. 2100, 2104, 60 L.Ed2d 668 (1979)); *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995) (noting that the BOP has "broad authority to manage the enrollment of prisoners in drug abuse treatment programs" and finding that "it was beyond the District Court's authority to order the defendant's participation in a drug treatment program while incarcerated").

A liberty interest may arise only if the defendant's actions imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The possible loss of a mere privilege--such as participation in a drug program--does not impose an atypical and significant hardship in relation to

the ordinary incidents of prison life.

As the plaintiff has not alleged any atypical and significant hardship, he has failed to allege the deprivation of a federally recognized liberty interest. Without a liberty interest, the plaintiff has no due process claim. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993). The plaintiff's Fifth Amendment denial of due process claim would therefore fail to state a valid claim, and would most likely be subject to dismissal with prejudice on the merits.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This May 11, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge